IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JACKSON,

     Plaintiff,                            No. CIV S-06-2023 WBS GGH P

     vs.

JAMES WALKER, et al.,

     Defendants.                  FINDINGS AND RECOMMENDATIONS

                                /

Introduction

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. On October 12, 2007, this court granted defendants, who had just filed waivers of service on September 27, 2007, an extension of time, until November 23, 2007, to file their responsive pleading to plaintiff's second amended complaint. On October 17, 2007, plaintiff filed a document, entitled in part: "Immediate Relief Requested[;] Emergency request for preliminary injunction and temporary restraining order prohibiting harassment reprisals, and constitutional violations."

TRO

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a

1

temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders which are not <u>ex parte</u> and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. <u>See</u> <u>New Motor Vehicle Bd. v. Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch. Dist. v. United States Dist. Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); <u>Century Time Ltd. v. Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

<u>Preliminary Injunction Standard</u>

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Id.</u> In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. <u>Id.</u>

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The gravamen of plaintiff's underlying complaint is an alleged lack of sanitation in the prison kitchen and in food handling. By his request for preliminary injunction, plaintiff

2

complains at some length of having been kept in a filthy holding cell for some thirty hours, after he had submitted a cell move slip to a housing officer for a compatible cellmate but was subsequently told that he would be moving in with an unknown inmate. Plaintiff provides no basis for preliminary injunctive relief in this matter because he states that he has subsequently been returned to a regular cell and allowed to have a cellmate with which he is compatible. Motion, p. 5.

Plaintiff also seeks emergency relief with respect to job placement and the processing of his inmate grievances. Plaintiff simply does not make a significant showing of possible irreparable harm sufficient to warrant any form of emergency relief with his requests. To the extent that plaintiff seeks preliminary injunctive relief to preclude prison officials from violating his constitutional rights, they are already legally obligated to refrain from such violations.

Accordingly, IT IS HEREBY RECOMMENDED that October 17, 2007, request for a temporary restraining order/emergency preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/29/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
jack2023.dny

3