IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JACKSON,

        Plaintiff,                       No. CIV S-06-2023 WBS GGH P

    vs.

JAMES WALKER, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's requests for the appointment of counsel will therefore be denied.

        Plaintiff has also requested that he be granted "immediate relief" in the form of "meaningful access" to the law library. The gravamen of his request appears to be that the law library's facilities are being mismanaged. He complains that the law library has a limited

1

capacity, the PLU (Preferred Legal User or Priority Library User) program, the exercise yard program and inmate work hours all result in a denial of meaningful access to the courts. Request, pp. 3-4. In making generic claims about the limits/deficiencies of prison law library access, plaintiff fails to demonstrate that he is under a present obligation to submit documents within a time certain and thus has not adequately demonstrated that his right of access to the courts is being impaired. Plaintiff's request will be denied.

Plaintiff has also filed a request seeking the locations of four inmates who he avers have been transferred or are otherwise unaccessible to him but from whom, as witnesses, he seeks to obtain declarations or other documentation via correspondence in support of his claims. Plaintiff has not indicated whether he has first sought the information by way of discovery requests served upon defendants or otherwise by requests made to the appropriate prison officials. This request will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 26, 2007 (#27) and February 14, 2008 (# 54) motions for the appointment of counsel are denied;

2. Plaintiff's October 31, 2007 (#29) request seeking "immediate relief" with regard to prison law library access is denied; and

3. Plaintiff's October 31, 2007 (#28) request seeking access to inmate witnesses is denied without prejudice.

DATED: 03/26/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/bb
jack2023.31

2