IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JACKSON,

       Plaintiff,                    No. CIV S-06-2023 WBS GGH P

   vs.

JAMES WALKER, et al.,             <u>ORDER</u>

                                  /

          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: 1) plaintiff's motion to join cases and appoint counsel, filed on 4/11/08; 2) plaintiff's motion to file a third amended complaint, filed on 4/25/08, to which defendants have filed their opposition; 3) plaintiff's motion to compel discovery responses and for sanctions, filed on 5/02/08, opposed by defendants; 4) plaintiff's request for leave to serve additional interrogatories on defendants, filed on 9/03/08, to which defendants filed an opposition; 5) plaintiff's request for a modification of the scheduling order to continue the discovery cutoff date, filed on 11/07/08, which defendants oppose, and which this court hereby denies. Finally, on 11/25/08, plaintiff filed a motion for a temporary restraining order (TRO), contending that defendants are violating food preparation health and safety standards, and asking for immediate injunctive relief. The court will not address that motion herein but will address it in the concurrently filed scheduling order, whereby the undersigned has set this matter for trial at

1

the earliest available date.  The dispositive motion deadline remains, as set forth in the Order, filed on June 13, 2008 (# 79), January 19, 2009.

Motion "to join cases"

In his motion "to join cases," plaintiff asks that the court join CIV-S-07-2385 and CIV-S 07-1419 to this action and allow this case to proceed as a class action with appointed counsel.  Plaintiff has not made an appropriate motion pursuant to Fed. R. Civ. P. 23, and in any event, the undersigned has related (although not consolidated) the two cases identified in his motion to this action; plaintiff's motion "to join cases," will be denied as both inapposite and moot.  See Order, filed on 6/06/08.  Plaintiff's previous requests for appointment of counsel with respect to the instant action have been denied, and for the same reason, the court denies this latest request.  See Order, filed on 3/26/08.  To the extent that plaintiff seeks counsel for a putative class action, the motion is denied as inapposite.

Motion to file a third amended complaint

This action, filed more than two years ago, on 9/11/06, is now proceeding on a second amended complaint, filed on 4/27/07, as modified by the Order, filed on 8/22/07, against twelve defendants: Bernardino (which plaintiff erroneously named Raymond), Arndt (previously misspelled as "Arnt"), Walker, Malfi, Leiber (previously misspelled as "Lieber"), Kelly, Haythorne, Ruller (previously misspelled as Rueller), Hague, Rodriguez, Baughman, Smith, all of whom have answered.  See Docket # 33 and # 41.  The gravamen of plaintiff's claims is that defendants have violated his Eighth Amendment rights by their alleged deliberate indifference to health and safety standards for food preparation and service at California State Prison (CSP)-Sacramento.  All defendants besides Alice Smith filed their answer on 11/20/07; defendant Smith's answer was filed on 12/28/07.

Plaintiff subsequently seeks leave to proceed upon a third amended complaint; however, in submitting a proposed third amended complaint, of some 221 pages in length, including attached exhibits, plaintiff fails to provide an adequate motion for leave to amend

setting forth the grounds for his motion, instead merely stating that he moves for leave to amend, cursorily referencing Fed. R. Civ. P. 15(a), 19(a) and Local Rule 15-220, and on the basis that the court "should grant leave freely to amend a complaint."

Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15(a). As noted, the defendants have previously filed their answers. Plaintiff has filed neither a sufficient motion to amend, setting forth an adequate basis within a separate motion, for which the court could consider a further amended complaint, nor a stipulation to amend the complaint signed by all parties. For this, as well as the following reasons, plaintiff's proposed third amended complaint will be stricken and this action will continue to proceed on the second amended complaint.

As defendants note in their opposition, plaintiff's proposed third amended complaint names six additional defendants, along with new facts. Opposition (Opp.), p. 2. The motion, such as it is, and proposed third amended complaint was filed a year after the second amended complaint. Defendants attribute the delay to plaintiff's apparent efforts to add facts included in two other inmate suits for which plaintiff sought to proceed herein as a class action (see above & footnote 1). Id. The court's review of the now-related cases demonstrates that plaintiff does reference some allegations contained within those cases. Defendants also contend that the proposed third amended complaint would work to the substantial prejudice of defendants insofar as extensive additional discovery would be necessitated and, defendants aver, they have already been responding to plaintiff's "voluminous requests" propounded to the existing twelve defendants. Id. Defendants also argue that as to four of the proposed additional defendants, defendants Duc, Jochim, McGinnis and Goldman,[1] plaintiff was aware of the facts as to each of

---

[1] For example, plaintiff references Correctional Sergeant Goldman and a communication from him on August 31, 2005, in his second amended complaint, but expressly does not name his as a defendant therein. See Second Amended Complaint, p. 9. In his new allegations against Dr. Duc, plaintiff references, in his proposed third amended complaint an April 28, 2006, visit with him and goes on to set forth allegations that reference both Inmate Williams and Inmate Campbell.

them when the second amended complaint was filed, and as to the two remaining defendants, O'Brian and Lebeck, as plaintiff's allegations as to them stem from events in January of 2008, such claims could not have been exhausted at the time plaintiff filed this complaint. Opp., p. 3. Plaintiff did not elect to reply to defendants' opposition.

As to granting leave to amend at the point at which pleadings may only be granted by leave of court, Fed. R. Civ. P. 15(a)(2) states that "[t]he court should freely give leave when justice so requires." Nevertheless "whether to grant leave to amend .... remains within the discretion of the district court...." Manzarek v. St. Paul Fire and Marine Ins. Co., 519 F.3d 1025, 1034 (9th Cir. 2008). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007), quoting Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir.1991) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)). It is an abuse of discretion to deny leave to amend "without any justifying reason." Forman, supra.

In this case, the court finds that to the extent that plaintiff seeks to piggyback allegations arising from the now-related Campbell and Williams' cases, and failed to incorporate timely factual allegations against newly named defendants, apparently known to him at the time of the filing of the second amended complaint, he acts either in bad faith or with undue delay in seeking further leave to amend. To the extent that plaintiff seeks leave to amend with additional allegations and newly named defendants against whom his claims could not have been timely administratively exhausted, his amendments would appear to be futile. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (requiring administrative exhaustion prior to filing suit); Schlosser v. Potter, 248 Fed. Appx. 812, 2007 WL 27050288 *5 (9th Cir. 2007) *unpublished* (even where other factors favored plaintiff, "an amendment would have been futile because ...

\\\\\

\\\\\

1 [plaintiff] failed to exhaust his administrative remedies"].[2]  In addition, there is little doubt that
2 adding the proposed allegations and additional defendants would work to the prejudice of the
3 defendants, in light of the already significant amount of discovery requests (see below), plaintiff
4 has propounded upon the present defendants to which they have responded.  Finally, plaintiff
5 simply does not offer a reasonable justification for requiring that this two-year-old case should
6 basically be re-commenced in order to serve additional defendants and proceed with discovery
7 anew.  For these reasons, the court recommends that plaintiff's motion to file a third amended
8 complaint be denied.

<u>Motion to compel</u>

Plaintiff brings a motion to compel discovery responses, and for sanctions, contending that defendants' had failed to produce discovery responses as of April 25, 2008, even though defendants had been granted an extension of time to do so.  Motion to Compel (MTC), p. 3, citing Order, filed on 3/13/08 (docket # 59).   In an opposition, filed on 5/19/08, defendants maintain that their responses to plaintiff's first set of interrogatories, production requests and admission requests were not due until June 9, 2008, and arguing that the motion to compel should be denied as premature.  Defendants concede that their discovery responses were due as of April 25, 2008, but point to the court's order, filed on April 29, 2008, granting defendants an additional 45 days to file their responses.  Docket # 67.  Defendants are correct as far as they go and the court would deny the motion as premature on that basis; however, in a filing, dated July 14, 2008 (# 83), plaintiff complains that he had received discovery responses on July 2, 2008, in which only objections were interposed, noting that the court in its final June 27, 2008, order (# 82) granting defendants a one-week further extension to respond to plaintiff's discovery requests had cautioned defendants "to provide substantive responses, assuming the reasonableness of

---

[2] Unpublished Ninth Circuit decisions may be cited commencing with decisions issued in 2007.  Ninth Circuit Rule 36-3.  Although still not precedential in the binding sense, the unpublished decisions do have a certain amount of persuasive value, and indicate how Ninth Circuit judges apply binding precedent.

plaintiff's requests, and not to simply interpose objections." To his follow-up letter, plaintiff attaches only the first two pages of defendants' Malfi's and Arndt's discovery responses in which, indeed, only objections are posited.

In response, defendants' counsel, on July 15, 2008 (#84), submitted a declaration, stating that, with the exception of defendant Malfi, the eleven other defendants have served substantive responses, except to the extent that defendants perceived the sought-for information or documents to be privileged or otherwise protected from disclosure. Counsel for defendants averred that, in addition to answering plaintiff's interrogatories and requests for admissions, plaintiff had also been provided with 29 documents, totaling over 200 pages, in response to production requests. Defendants' counsel declares that, despite difficulties, she was able to obtain verifications for ten of the twelve defendants by the June 30, 2008, deadline, and sought only to preserve the objections for defendants Arndt and Malfi, whom she had not been able to reach, due to defendant Malfi's retirement and defendant Arndt's being on a leave of absence. In her declaration, counsel states that she was finally able to contact defendant Arndt on July 2, 2008, and receive his verification, after which she served his supplemental responses, the cover pages of which are attached as Exhibit A to the declaration. After continued effort to reach defendant Malfi, she finally received a response on July 15, 2008, receiving assurances that he would immediately review and verify his responses.

By a further letter, dated July 21, 2008 (# 85), plaintiff states that he seeks to inform the court that he has, indeed, received the responses from defendant Arndt, but had not yet at that time received those of defendant Malfi. As this letter was dated July 13, 2008, two days before defendants' counsel states that she finally made contact with this individual, and there is no further filing from plaintiff regarding this issue, the court will deny the motion; however, the court will require defendant Malfi to file proof of service of the discovery responses at issue herein within five days of the date of this order.

\\\\\

Plaintiff's request to proceed for leave to serve additional interrogatories

Plaintiff asks the court to grant leave to propound upon each of the defendants additional interrogatories. However, plaintiff fails to submit any of the proposed additional interrogatories for the court's review and sets forth no reason whatever for his need for the additional discovery, not even stating how many more he seeks. See Motion, pp. 1-20 (docket # 92). In protest, defendants contend that they have already responded to 795 interrogatories to date and that now plaintiff is seeking to have defendants answer 495 more. Opposition (Opp.), p. 1 (docket # 93). Plaintiff has simply not met his burden to demonstrate that he has further need for discovery.

By Order, filed on 8/04/08, plaintiff's request for an extension of time to complete discovery was partially granted, and the discovery deadline in this case was again extended until 11/01/08. The parties were cautioned that there would be no further extension of the deadline. The court had previously permitted that the discovery deadline be extended from 8/01/02 until 10/01/08. See Order, filed on 6/13/08.

Notwithstanding, the court permitted a further extension, until 12/01/08, for the limited purpose of completing plaintiff's deposition.[3]  See, Order filed on 10/23/08.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion "to join cases" and appoint counsel, filed on 4/11/08 (Docket # 63), is denied as inapposite and moot;

2. Plaintiff's motion to file a third amended complaint, filed on 4/25/08 (# 66), be stricken, this matter to proceed on the second amended complaint;

3. Plaintiff's motion to compel discovery responses and for sanctions, filed on 5/02/08 (# 68), is denied; however, defendant Malfi must file proof in this court of having served

---

[3] According to defendants, plaintiff had been unable to complete the deposition due to his medical needs and defendant had deadlines in other cases which hampered rescheduling of the deposition within the discovery cut-off.

7

his discovery responses at issue herein, within five days of the date of this order;

4. Plaintiff's request for leave to serve additional interrogatories on defendants, filed on 9/03/08 (#92), is denied;

5. Plaintiff's request for a modification of the scheduling order to continue the discovery cutoff date, filed on 11/07/08 (# 96), is denied.

DATED: 12/11/08    /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
jack2023.ord2