IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JACKSON,

     Plaintiff,                     No. CIV S-06-2023 WBS GGH P

   vs.

J. WALKER, et al.,

     Defendants.         <u>ORDER</u>

                            /

        Although captioned as a "request for reconsideration by district court of magistrate judge's ruling," plaintiff acknowledges that the findings and recommendations he seeks to challenge have already been adopted by this court. Therefore, plaintiff's filing of October 8, 2009 (Docket # 147) is properly construed as a request for reconsideration of this court's order filed August 19, 2009 (Docket # 143), granting in part and denying in part defendants' motion for summary judgment.

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances ... not shown upon such prior motion, or what other grounds exist

for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

In the instant action, this court has already considered the arguments plaintiff presents here as they were essentially contained within his objections to the findings and recommendations prior to the court's adoption of same. Plaintiff continues to protest that he submitted defendants' discovery responses referenced in his opposition, even though the magistrate judge noted such supporting discovery documents were either not filed, could not be located or were insufficiently identified within plaintiff's opposition. In reply to plaintiff's previously presented objections, defendants made the cogent points that plaintiff made no showing that the magistrate judge granted the motion as to ten[1] of the twelve defendants because of missing discovery responses and also averred that they had not been served with any of the

---

[1] Summary judgment was granted as to nine defendants, with a tenth defendant granted summary judgment in an individual capacity, but denied it in his official capacity, and, as to two other defendants, summary judgment was denied altogether.

1  discovery documents as part of the opposition that were also not contained in the court record of
2  plaintiff's opposition and supporting documents.  Plaintiff, by the instant motion seeking to re-
3  visit the issue, does not adequately refute and address defendants' contentions and essentially
4  adds nothing new.
5        Therefore, IT IS HEREBY ORDERED that, upon reconsideration in response to
6  plaintiff's motion, filed on October 8, 2009 (Docket # 147), this court's order of August 19, 2009
7  (Docket # 143) is affirmed.
8  DATED:  October 25, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE