IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JACKSON,

        Plaintiff,                     No. CIV S-06-2023 WBS GGH P

    vs.

J. WALKER, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff has filed a "motion for relief from judgment or order and stay of proceedings," citing Fed. R. Civ. P. 60(b)(1) & (6) and Rule 62(6).[1] Such a motion is, in fact, a successive request for reconsideration of this court's <u>Order</u>, filed August 19, 2009 (docket # 143), granting in part and denying in part defendants' motion for summary judgment. In that order, summary judgment was granted as to nine defendants, with a tenth defendant, Walker, granted summary judgment in an individual capacity, but denied it in his official capacity, and, as to two other defendants, Haythorne and Hague, summary judgment was denied altogether. Plaintiff's previous request for reconsideration, filed on October 8, 2009 (docket # 147), was denied on October 28, 2009 (docket # 149). Plaintiff once again moves the court to reconsider

---

[1] As to a stay, trial in this matter has previously been continued until July 27, 2010, based on plaintiff's representation that he was scheduled for total knee replacement surgery on March 2, 2010. <u>See</u> Order, filed on January 26, 2010 (docket # 165).

its ruling granting summary judgment to defendants Malfi, Leiber, Arndt, Baughman, Rodriguez, Bernardino, Kelly, Smith, Ruller, and as to Walker, in his individual capacity only, based on plaintiff's repeated claim that he sent these defendants' discovery responses to the court, discovery responses that the magistrate judge noted in the <u>Findings and Recommendations</u>, filed on June 17, 2009 (docket # 138), that were either not among plaintiff's voluminous exhibits or which plaintiff had failed to sufficiently identify.[2]

As plaintiff has been previously informed, although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j)[3] requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances ... not shown upon such prior motion, or what other grounds exist for the motion...." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." <u>Handi Investment Co. v. Mobil Oil Corp.</u>, 653 F.2d 391, 392 (9th Cir. 1981); <u>see also</u> <u>Waggoner v. Dallaire</u>, 767 F.2d 589, 593 (9th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." <u>Costello v.</u>

---

[2] The court's docket shows that plaintiff's filings in opposition to defendants' summary judgment notice consisted of 322 pages (docket # 134), plus a 99-page "request for judicial notice" (docket # 133) for a total of 421 pages. The court has reviewed these documents once again and once again cannot locate the discovery responses plaintiff avers that he mailed.

[3] In the prior order, the relevant portion of the Local Rules, which have since been amended, was identified as 78-230(k).

1  United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d

2  1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280

3  (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling

4  resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.  See Order, filed on

5  October 28, 2009 (docket # 149), pp. 1-2.

Under Rule 60(b), a party may move for relief from judgment on the following grounds: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged... or (6) any other reason that justifies relief."

In previously affirming the August 19, 2009, Order challenged herein again by plaintiff, the court stated, inter alia:

> In the instant action, this court has already considered the arguments plaintiff presents here as they were essentially contained within his objections to the findings and recommendations prior to the court's adoption of same.  Plaintiff continues to protest that he submitted defendants' discovery responses referenced in his opposition, even though the magistrate judge noted such supporting discovery documents were either not filed, could not be located or were insufficiently identified within plaintiff's opposition.  In reply to plaintiff's previously presented objections, defendants made the cogent points that plaintiff made no showing that the magistrate judge granted the motion as to ten of the twelve defendants because of missing discovery responses and also averred that they had not been served with any of the discovery documents as part of the opposition that were also not contained in the court record of plaintiff's opposition and supporting documents.  Plaintiff, by the instant motion seeking to re-visit the issue, does not adequately refute and address defendants' contentions and essentially adds nothing new.

Order, filed on October 28, 2009 (docket # 149), pp. 2-3.

Plaintiff again insists that he sent a copy of defendants' discovery responses to the court among those documents/exhibits he sent in opposition to defendants' motion for summary

3

judgment. Motion, p. 2. Plaintiff appears to state that he did not serve a copy of the discovery responses upon the defendants with his opposition and other exhibits. Id., at 4. Plaintiff has evidently gone to some lengths in order to determine whether the documents at issue were ever actually mailed from the prison but has been unable to determine by the responses he has received from the inmate trust office and mailroom sergeant whether the documents were sent. Id., at 4, 11, 21, 23. Plaintiff wants a hearing to seek a subpoena for records in order to try to establish that he sent the discovery responses; alternatively, he states that by way of his exhibits, the unauthenticated records he attaches to his motion as Exhibits A and B, he can show by the cost of the postage that he sent the discovery responses. Id., see also, Reply, p. 2. In reply to defendants' opposition, plaintiff argues that he would be subjected to manifest injustice or a miscarriage of justice if the motion for summary judgment is not revisited with the discovery responses as exhibits. Reply, pp. 2-3. Plaintiff states that he does not seek to re-argue his opposition to the previously adjudicated motion for summary judgment, but to have his original opposition considered "completely." Id., at 3. Of course, this is essentially a distinction without a difference. Plaintiff has never submitted the discovery documents he relentlessly puts at issue with any of his objections or motions for reconsideration.[4]

Plaintiff maintains that because all of his opposition material was not before the court, through no fault of the court or himself, that his opposition was not fully considered. Motion, p. 5. What plaintiff fails to do, however, is to specifically demonstrate that the lack of the discovery responses at issue was the basis upon which any defendant was granted summary judgment. Moreover, plaintiff continues to fail to make a showing that the magistrate judge recommended granting the motion as to nine of the twelve defendants (additionally recommending granting another defendant summary judgment in an individual capacity only)

---

[4] Plaintiff included the cover sheets with his objections, filed on August 4, 2009, which were before the court when the Order, adopting the findings and recommendations was filed on August 19, 2009.

because of missing discovery responses.

"[A] motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991)(finding the motion, construed as brought under either rule, was properly denied). As defendants note, a denial of a motion for reconsideration under either Rule 59(e) is construed as a denial under Rule 60(b). Opposition (Opp.), p. 3, citing Fuller, supra, and United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009).[5] As indicated above, reconsideration is appropriate where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law," although there may be "highly unusual[] circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Oregon v. AC & S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). As defendants contend (Opp., p. 3), "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Publisher's Res., Inc. v. Walker Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985).

As noted, plaintiff has previously raised his argument concerning the absence of defendants' discovery responses which he continues to insist that he sent to the court with his opposition to defendants' summary judgment motion. While plaintiff believes he can show proof of having done so at a hearing, what he has failed to do is to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." United States v. Westlands Water District, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001), citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and

---

[5] "The Federal Rules of Civil Procedure do not provide for a 'Motion for Reconsideration' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998).

1  reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987)).  "Disagreement with a decision
2  or the recapitulation of rejected arguments are not adequate bases for reconsideration."  Hoffman
3  v. Tonnemacher, 2007 WL 214554*2 (E.D. Cal. 2007), citing id.

4         Plaintiff is essentially re-arguing previous arguments he initially raised in his
5  objections to the Findings and Recommendations on the summary judgment motion, and then
6  again in a separate motion for reconsideration.  Whether or not plaintiff can prove that he sent
7  discovery responses that for some reason never reached the court or were never filed in his case
8  with his opposition does not sufficiently undermine the court's ruling on the motion for summary
9  judgment or show manifest injustice.  Plaintiff has never shown how it was the absence of those
10 responses that resulted in the ruling granting summary judgment to ten of the twelve defendants
11 (with one of the ten still retained in an official capacity).  Nor, is it appropriate for plaintiff to
12 raise an argument that he has previously raised in a motion pursuant to Fed. R. Civ. P. 59(e),
13 once again under Rule 60(b).

14        Therefore, IT IS HEREBY ORDERED that plaintiff's January 26, 2010 (Docket
15 # 166) motion for relief under Rule 60 (b), from a portion of the summary judgment order, filed
16 on, August 19, 2009 (Docket # 143), is denied.  No further motions for reconsideration of this
17 matter  will be considered.

18 DATED: May 11, 2010

_/s/ William B. Shubb_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE