IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JACKSON,

      Plaintiff,                              No. CIV S-06-2023 WBS GGH P

    vs.

J. WALKER, et al.,

      Defendants.                       ORDER

_____/

<u>Defendants' Motion</u>

        Defendants seek a continuance of the trial on the ground that two material witnesses, Drs. Duc and Hooper, will not be available for trial. Motion to Continue; Declaration of Counsel (Diana Esquivel), filed on July 14, 2010 (docket # 182). In the alternative, they move for leave to depose the witnesses and to amend the <u>Amended Pretrial Order</u> to permit them to use the deposition testimony at trial. This alternative, however, would work to the obvious prejudice of plaintiff who would probably be deprived of the ability to cross-examine the witnesses.

        As to continuing the trial, defendants provide as the basis for their request that the witnesses at issue delayed their vacations predicated on the July 27, 2010 trial date, later re-set for September 28, 2010. See Declaration of Diana Esquivel, ¶¶ 2-5. However, Dr. Duc had by that point arranged a prepaid vacation for September and Dr. Walker had also re-arranged his

summer plans until September. Id. According to defense counsel, plaintiff agrees that Drs. Duc and Hooper are indispensable witnesses. Id., ¶ 10. The court finds that defendants have made the requisite showing, pursuant to Fed. R. Civ. P. 16(e), and will grant a continuance of the trial date continued.

Plaintiff's "Objections"

The Amended Pretrial Order was filed on May 27, 2010. The following text at the end of the order was highlighted in the original for emphasis:

> **Each party was originally granted fourteen (14) days to file objections to the Pretrial Order and informed that if no objections were filed, the order would become final without further order of this court. Subsequent objections by defendants have been incorporated in this Amended Pretrial Order, and plaintiff has failed to provide objections and his modified witness list, despite extensive time extensions to do so. The parties having been provided an ample opportunity to provide objections, no further objections will be considered and this amended order is final.**

Amended Pretrial Order (docket # 170), pp. 15-16.

Notwithstanding, on June 25, 2010, plaintiff subsequently filed a myriad of untimely objections, including, inter alia, belatedly objecting to having the number of inmate witnesses he would be able to call limited to six; objecting to some of defendants' trial witnesses and exhibits; and objecting to the court's denial of his request for appointment of an independent medical expert witness. See Objections (docket # 171).

As to any objections plaintiff has to defendants' anticipated exhibits, the court made clear that plaintiff could file objections to the trial exhibits within fourteen days before trial, following the parties' exchange of exhibits twenty-eight days prior to trial. Amended Pretrial Order, pp. 11-12. As to his belated filing generally, however, because plaintiff has filed objections to the Amended Pretrial Order after the undersigned explicitly stated that no such objections would be considered, the court does not simply overrule the putative objections but will disregard them altogether. In addition, all of plaintiff's motions for writs of habeas corpus

ad testificandum that plaintiff has filed for ten inmate witnesses will be vacated. Writs of habeas corpus ad testificandum will issue for the six inmates as set forth in the <u>Amended</u> <u>Pretrial</u> <u>Order</u>.[1] at the appropriate time.

Accordingly, IT IS ORDERED that:

1. Defendants' motion for a continuance of the trial, filed on July 14, 2010 (docket # 182), is GRANTED, and the trial date is CONTINUED to **January 19, 2011, at 9:00 a.m.** in Courtroom # 5 before the Honorable William B. Shubb.

2. Plaintiff's belated, and otherwise inappropriate, objections to the May 27, 2010 <u>Amended</u> <u>Pretrial</u> <u>Order</u> (docket # 170), which were filed on June 25, 2010 (docket # 171), are DISREGARDED;

3. As the court will issue the appropriate writs at the proper time, all of plaintiff's motions for writs of habeas corpus ad testificandum for the appearance at trial of various inmate witnesses (some of whom have not been authorized to testify as trial witnesses), filed on June 25, 2010 (docket #'s 172 through 181), are hereby VACATED.

DATED: July 19, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
jack2023.ord

---

[1] In his own unauthorized and belated selection of ten inmate witnesses, plaintiff has included all six of the inmate witnesses (out of the original seventeen) that the undersigned was compelled to select for him when plaintiff failed to comply with the order to make his own selection.