IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JACKSON,

    Plaintiff,                   No. CIV S-06-2023 WBS GGH P

    vs.

JAMES WALKER, et al.,

    Defendants.             ORDER

_____/

Motion

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Jury trial is set in this matter for December 13, 2011, before the Honorable William B. Shubb, at 9:00 a.m. Plaintiff has filed a document seeking "a temporary restraining order and preliminary injunction" against various prison officials at California State Prison- Sacramento who are members of the Investigative Services Unit (ISU). See Motion at docket # 221. Plaintiff attests that in the early morning of July 28, 2011, ISU officers searched his cell. Plaintiff's Declaration in Support of Motion, p. 3. Plaintiff declares that all of his legal work is in a clearly marked manila folder identifying it as such. Id. Plaintiff was told that the officers had all of his legal work, although apparently they refused to take one of his legal books. Id., at 3-4. Plaintiff was told by the ISU officers that his "legal work is garbage." Id., at 4. Plaintiff is currently in

administrative segregation (Ad Seg) having been informed that he was being placed there pending an investigation into whether plaintiff had introduced a controlled substance into the facility, although the initial search revealed no such substance, according to plaintiff. Id., at 3-4.

In Ad Seg, plaintiff does not have immediate access to the law library, legal books and forms and copying and, out of concern that his legal property may not be returned to him in its entirety or may be destroyed or otherwise disposed of, he has submitted this request. Plaintiff's Dec., p. 4. Plaintiff asks that he be permitted access to his legal property while in Ad Seg, which, he avers, has nothing to do with his current placement.

Discussion

One of the defendants against whom this case is proceeding was Warden Walker, but in his official capacity only. Thus, as Tim Virga is the current warden, he is properly substituted in as a party to this action. See Fed. R. Civ. P. 25(d)(1)(successor of public officer named in an action in an official capacity is automatically substituted as a party).

The court construes plaintiff's motion for preliminary injunctive relief as a motion for a protective order, and therefore properly before the undersigned for disposition by order.[1] Local Rule 302 of the Eastern District of California authorizes magistrate judges to handle all aspects of a prisoner's case short of jury trial. This rule reflects the contours of magistrate judge authority established by Congress. Pursuant to Section 636, Title 28, United States Code, magistrate judges may determine any pretrial matter unless it is "dispositive" to the action, see United States v. Raddatz, 447 U.S. 667, 673, 100 S. Ct. 2406 (1980), or seeks injunctive relief of the same character as that which may be finally granted by the action, see De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 219-200, 65 S.Ct. 1130 (1945). See 28 U.S.C. § 636(b)(1)(A).

////

---

[1] In addition, plaintiff has specifically directed his request to the undersigned.

A proper motion for injunctive relief must relate to the allegations of the complaint and seek an outcome that may ultimately be available in the action. If there is no such relation, injunctive relief is not properly sought. "[T]he purpose and effect of the injunction is to provide security for performance of a future order which may be entered by the court." De Beers, at 219-220. "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) (affirming district court's order denying without hearing plaintiff's motion for preliminary injunction on the ground that it had "nothing to do with preserving the district court's decision-making power over the merits of [plaintiff's] 42 U.S.C. § 1983 lawsuit") (citation omitted); cf., State of New York v. United States Metals Refining Co., 771 F.2d 796, 801 (3rd Cir. 1985) (affirming district court's order granting preliminary injunction because relief requested was also available to the court pursuant to final judgment, making the distinction that "this is not a case where the preliminary injunction 'deals with a matter lying wholly outside the issues in the suit,' De Beers, 325 U.S. at 200 []"). Rule 65, Federal Rules of Civil Procedure, governing requests for injunctive relief, underscores this relevance requirement, pursuant to provisions allowing the hearing on preliminary injunction to be accelerated into a trial on the merits, preserving the right to jury trial if otherwise appropriate, and making evidence received at the hearing on preliminary injunction admissible at trial. None of these provisions would make sense if disputes outside the complaint, and on which no trial will be had, could be considered as proceedings for injunctive relief.

Accordingly, since matters appropriate for injunctive relief (and therefore expressly outside the dispositive authority of the magistrate judge) are limited to the merits of an action,[2] see, e.g., Reynaga v. Camisa, 971 F.2d 414, 416 (9th Cir. 1992) (orders pursuant to §

---

[2] This case proceeds against defendants on plaintiff's claims of violations of his Eighth Amendment rights arising from allegedly deficient food preparation and food service conditions at CSP-Sacramento. See Amended Pretrial Order (docket # 170), p. 2.

636(b)(1)(A) may not include "motions for injunctive relief"), it follows that *improperly denominated* requests for injunctive relief, addressing matters extraneous to the complaint, may be addressed and finally determined by the magistrate judge. Such matters typically filed by plaintiff/prisoners attempt to have the court regulate every term and condition of their confinement simply because they are "in court," regardless of the relation of the currently challenged activity to the claims set forth in the complaint. In this instance, to the extent that plaintiff's concern is legitimate and relates to legal material intended for use at his upcoming trial, this court will grant plaintiff's request such that defendant Virga will be required to provide assurance that plaintiff's legal property relevant to the instant case will not be disposed of, at a minimum, prior to or during the trial of this matter. This defendant must also inform the court as to when plaintiff will be permitted access to the material he needs to prepare for trial. In addition, plaintiff has previously requested the court's assistance in obtaining copies of trial documents, presumably trial exhibits. The undersigned has directed the parties to exchange exhibits twenty-eight days prior to trial in the Amended Pretrial Order. Docket # 170, p. 11. Therefore, defendant will also be required to assure that plaintiff has timely access to the law library or that he is otherwise permitted to obtain appropriate copies.

Accordingly, IT IS ORDERED that:

1. Warden Tim Virga is substituted for former Warden James Walker as a defendant in his official capacity.

2. Plaintiff's motion for preliminary injunctive relief, construed as a motion for a protective order, filed on August 2, 2011 (docket # 221), is granted to the extent set forth above and defendant Virga must inform the court, within fourteen days, as to the whereabouts of plaintiff's legal property related to the instance case, and as to the time when plaintiff will be permitted access to said property in order to prepare for trial, assuring the court that plaintiff's legal property is intact and will remain so.

////

3. Plaintiff's request for law library access to obtain copies for trial exhibits, filed on April 15, 2011 (docket # 220), is granted to the extent that defendant Virga must ascertain that plaintiff is permitted such access, or is otherwise able to obtain copies, prior to the date when an exchange of trial exhibits is required, i.e., prior to twenty-eight days in advance of trial.

DATED: August 4, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
jack2023.po